## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| NISSIM BOTTON, On Behalf of himself and All Others Similarly Situated,<br><br>               Plaintiff,<br><br>v.<br><br>NESS TECHNOLOGIES, INC., AHARON FOGEL, AJIT BHUSHAN, SATYAM C. CHERUKURI, SASHI GERLITZ, P. HOWARD EDELSTEIN, GABRIEL EICHLER, DAN S. SUESSKIND, MORRIS WOLFSON, CITI VENTURE CAPITAL INTERNATIONAL, JERSEY HOLDING CORPORATION, and JERSEY ACQUISITION CORPORATION,<br><br>               Defendants. | Civil Action No. 11-3950(SRC) |

---

## PLAINTIFF'S REPLY BRIEF IN FURTHER SUPPORT OF APPLICATION FOR EXPEDITED DISCOVERY AND SCHEDULE FOR PRELIMINARY INJUNCTION HEARING

---

James E. Cecchi
Lindsey H. Taylor
CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO
5 Becker Farm Road
Roseland, New Jersey 07068
(973) 994-1700

Scott A. Bursor
BURSOR & FISHER, P.A.
369 Lexington Avenue, 10th Floor
New York, New York 10017
(212) 989-9113

Nadeem Faruqi
Shane Rowley
Juan E. Monteverde
Francis McConville
FARUQI & FARUQI, LLP
369 Lexington Avenue, 10th Floor
New York, New York 10017
(212) 983-9330

*Counsel for Plaintiff*

## TABLE OF CONTENTS

Table Of Authorities ....................................................................................................................ii

Preliminary Statement...............................................................................................................1

Legal Argument

Plaintiff Is Entitled To Expedited Discovery.........................................................................2

      a)     Plaintiff Would Be Unduly Prejudiced
            If The PSLRA Discovery Stay Is Not Lifted .........................................................3

      b)     Plaintiff's Discovery Requests are Particularized.......................................................9

      c)     Plaintiff Is Entitled To Expedited Discovery .............................................................11

Conclusion ..............................................................................................................................12

## TABLE OF AUTHORITIES

**Cases**

*Benbow v. Aspen Technology, Inc.*, 2003 WL 1873910 (E.D.La. 2003) ........................................ 3

*Fisher v. Kanas*, 2006 WL 2239038 (E.D.N.Y. 2006) ............................................................. 6

*Friedman v. Quest Energy Partners LP*, 2009 WL 5065690 (W.D.Okla. 2009) ........................... 3

*In re Bank of America Corp. Securities, Derivative & ERISA Litigation*,
    2009 WL 4796169 (S.D.N.Y. 2009) ...................................................................................... 4

*In re Fannie Mae Securities Litigation*, 362 F.Supp.2d 37 (D.D.C. 2005) .................................... 3

*In re FirstEnergy Corp. Sec. Litig.,* 229 F.R.D. 541, 545 (N.D. Ohio 2004) ............................... 11

*In re Guidant Corp. Implantable Defibrillators Product Liability Litigation*,
    2006 WL 763212 (D.Minn. 2006) .......................................................................................... 5

*In Re Lernout & Hauspie Sec. Litig.*, 214 F.Supp.2d 100 (D. Mass. 2002) ................................... 9

*In re Pure Resources, Inc. S'holders Litig.*, 808 A.2d 421 (Del. Ch. 2002) ............................. 7, 9

*In re Royal Ahold N.V. Securities & ERISA Litigation*, 220 F.R.D. 246 (D.Md. 2004) ................. 4

*In re Royal Ahold,* 220 F.R.D. 246 (D. Md. 2004) ...................................................................... 9

*In re Vivendi Universal S.A. Securities Litigation*, 381 F.Supp.2d 129 (S.D.N.Y. 2003) .............. 3

*In re WorldCom, Inc. Sec. Litig.*, 234 F.Supp.2d 301 (S.D.N.Y. 2002) ....................................... 11

*Kuriakose v. Federal Home Loan Mortgage Co.*, 674 F.Supp.2d 483 (S.D.N.Y. 2009) ............... 3

*Leone v. King Pharmaceuticals, Inc.*, 2010 WL 4736271 (E.D.Tenn. 2010) ................................ 5

*Maric Capital Master Fund, Ltd. v. Plato Learning, Inc.*, 11 A.3d 1175 (Del. Ch. 2010) ........... 8

*Medical Imaging Centers of America v. Licntenstein*, 917 F.Supp. 717 (S.D.Cal. 1996) .............. 5

*Nichting v. DPL, Inc.*, 2011 U.S.Dist.Lexis 76739 (S.D.Ohio 2011) .................................. 4, 6, 8

*ODS Technologies, L.P. v. Marshall,* 832 A.2d 1254 (Del. Ch. 2003) ......................................... 6

*Ryan v. Walton*, 2010 WL 3785660(D.D.C. 2010) ..................................................................... 4

*Sarantakis v. Gruttadauria*, 2002 WL 1803750 (N.D.Ill. 2002) ................................................. 3

*The Winer Family Trust v. Queen*, 2004 WL 340181 (E.D.Pa. 2004) ........................................... 3

*Vacold LLC v. Cerami*, 2001 WL 167704 (S.D.N.Y. 2001) ........................................................ 3

*Woodward & Lothrup, Inc. v. Schnabel*, 593 F.Supp. 1385 (D.D.C. 1984) ................................. 4

**Statutes**

15 U.S.C. § 77z-1(b)(1) ............................................................................................................. 3
15 U.S.C. §78u-4(b)(3)(B) ......................................................................................................... 3

**Rules**

Fed.R.Civ.P. 12(a) ..................................................................................................................... 5
L.Civ.R. 6.1(b) .......................................................................................................................... 5
L.Civ.R. 7.1 ............................................................................................................................... 2
L.Civ.R. 7.2 ............................................................................................................................... 2
L.Civ.R. 37.1(a)(1) .................................................................................................................... 2

**PRELIMINARY STATEMENT**

Plaintiff has moved for narrowly tailored and expedited discovery to gather evidence in support of his motion for preliminary injunction to enjoin the impending vote of the common stock holders of Ness Technologies ("Ness" or the "Company") in connection with the Proposed Transaction[1] by an affiliate of Defendant Citi Venture Capital International ("CVCI") for $7.75 per share, or a total of approximately $300 million.  In furtherance of that Proposed Transaction, Ness filed with the SEC a preliminary proxy statement (the "Proxy Statement").[2]  Once finalized, the Proxy Statement will be sent to Ness shareholders seeking approval of the acquisition by CVCI.

Here, Plaintiff's securities claims arise under Sections 14 and 20 of the Exchange Act.  In summary, Plaintiff alleges that the disclosures contained in the Proxy Statement are materially inaccurate and/or misleading information.  Plaintiff seeks, *inter alia*, to enjoin distribution of the Proxy Statement, a vote on the Proposed Transaction, and/or consummation of the Proposed Transaction unless and until those misstatements are corrected.

In their opposition, Defendants advance three main arguments that are simply wrong: (a) that the PSLRA's automatic stay of discovery should apply to this case; (b) that Plaintiff's failed to justify discovery under any standard; and (c) that Plaintiff's request for discovery is overly

---

[1]    Capitalized terms not otherwise defined herein shall have the same meaning as those found in the Shareholder Class Action Complaint for Breaches of Fiduciary Duties and Individual Claims for Violation of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") (the "Complaint"), filed on July 7, 2011.

[2]    The Proxy Statement is annexed as Exhibit A to the Declaration of Andrew Moscato submitted with Defendants' opposition papers.

broad.  As discussed in detail below, Defendants are mistaken and consequently fail to rebut Plaintiff's application.[3]

Nevertheless, after reviewing the set of discovery requests made in his opening brief, Plaintiff has determined to further narrow his requests for expedited discovery.  In order for Plaintiff to be able to present an open and full record at the hearing on the preliminary injunction motion, Plaintiff's narrowly tailored and particularized requests for expedited discovery set forth below should be granted.

## LEGAL ARGUMENT

## PLAINTIFF IS ENTITLED TO
## EXPEDITED DISCOVERY

Defendants argue that Plaintiff is not entitled to expedited discovery because Plaintiff is subject to the stay of discovery under the PSLRA, that his discovery requests are not sufficiently narrow, and, in any event, Plaintiff is not entitled to discovery because his claims are meritless.  For the reasons set forth below, Plaintiff is entitled to expedited discovery to support his application for a preliminary injunction.  His claims for injunctive relief are meritorious, but they will be rendered moot if there is a stay of discovery until after a motion to dismiss is decided.

A lifting of the PSLRA stay of discovery is warranted in this case as discovery is required to present an open and full record in connection with Plaintiff's preliminary injunction motion.  By its own terms, the PSLRA's discovery stay is not absolute.  The PSLRA provides:

> In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.

---

[3]     Defendants also argue that Plaintiff's application for expedited discovery should be rejected because it does not comply with the procedural formalities of L.Civ.R. 7.1 and 7.2. (Defendants' Brief at 9, n. 8).  This is, at bottom, a discovery dispute, which first must be brought to the Court's attention by letter.  L.Civ.R. 37.1(a)(1).  It is, therefore, appropriately before the Court.

15 U.S.C. §§ 77z-1(b)(1), 78u-4(b)(3)(B).  Thus, the PSLRA permits a lifting of the stay to allow

discovery to proceed "upon the motion of any party that [a] particularized discovery is necessary

[b] to preserve evidence or to prevent undue prejudice to that party." *Id.*

a)      <u>**Plaintiff Would Be Unduly Prejudiced If The PSLRA Discovery Stay Is Not Lifted**</u>

"Undue prejudice" for purposes of relief from the PSLRA stay means "something

improper or unfair treatment amounting to something less than irreparable harm."  *Kuriakose v.*

*Federal Home Loan Mortgage Co.*, 674 F.Supp.2d 483, 488 (S.D.N.Y. 2009); *The Winer Family*

*Trust v. Queen*, 2004 WL 340181, at *2 (E.D.Pa. 2004); *In re Vivendi Universal S.A. Securities*

*Litigation*, 381 F.Supp.2d 129, 130 (S.D.N.Y. 2003); *Benbow v. Aspen Technology, Inc.*, 2003

WL 1873910, at *4 (E.D.La. 2003).  Undue prejudice arises where defendants would be unfairly

shielded from liability through pursuit of their pending action or when plaintiffs would be placed

at an unfair disadvantage to make informed decisions about litigation and settlement strategy

without access to documents that form the core of the proceeding.  *Friedman v. Quest Energy*

*Partners LP*, 2009 WL 5065690, at *2 (W.D. Okla. 2009) ("Unfair prejudice has been found

where defendants might be shielded from liability in the absence of requested discovery."); *In re*

*Fannie Mae Securities Litigation*, 362 F.Supp.2d 37, 39 (D.D.C. 2005); *Vivendi*, *id.* (citing

cases); *Benbow*, *id.* (citing cases); *Sarantakis v. Gruttadauria*, 2002 WL 1803750, at *2 (N.D.

Ill. 2002) ("'Undue prejudice had been found 'where defendants might be shielded from liability

in the absence of the requested discovery.'") (internal citations omitted); *Vacold LLC v. Cerami*,

2001 WL 167704, at *6 (S.D.N.Y. 2001) ("several courts, including at least one in this district,

have lifted the discovery stay on grounds of 'undue prejudice' where defendants might be

shielded from liability in the absence of the requested discovery.") (citing cases).  Being placed

at an informational disadvantage includes not having access to documents necessary to formulate

a litigation and settlement strategy which are available to other parties in competing litigation which are not subject to the PSLRA stay. *See In re Bank of America Corp. Securities, Derivative & ERISA Litigation*, 2009 WL 4796169, at *2 (S.D.N.Y. 2009) ("Courts have found undue prejudice where plaintiffs would be unable to make informed decisions about their litigation strategy in a rapidly shifting landscape because they are the only major interested party without documents forming the core of their proceedings"); *In re Royal Ahold N.V. Securities & ERISA Litigation*, 220 F.R.D. 246, 252 (D.Md. 2004).

Discovery sought to support an injunction to prevent distribution of an inadequate proxy statement relating to a proposed corporate takeover is precisely the type of discovery that falls within the "undue prejudice" exception to the PSLRA stay. *Nichting v. DPL Inc.*, 2011 U.S. Dist. LEXIS 76739, at *17 (S.D. Ohio July 15, 2011) (denying defendant's motion for PSLRA stay where the impending shareholder vote on corporate merger "coupled by showing of potential irreparable harm, militates in favor of an order for limited and discrete discovery regarding DPL's financial projections – a disclosure issue that troubles the Court."); *Ryan v. Walton*, 2010 WL 3785660, at *2 (D.D.C. 2010)

> [Plaintiffs] state that the prejudice they will suffer is the "irreparable harm on March 26, 2010, when [Allied's] shareholders are scheduled to vote on the proposed transaction at issue.... Without the information discussed above, shareholders cannot make a fully informed decision whether to vote in favor of Ares' acquisition of Allied." Court agrees that this is the type of prejudice that warrants the lifting of the discovery stay.

*Ryan*, *id.* (citing *Woodward & Lothrup, Inc. v. Schnabel*, 593 F.Supp. 1385, 1396 (D.D.C. 1984)).

Here, Plaintiff is entitled to have the PSLRA stay lifted because he would be unduly prejudiced if he is not allowed discovery. The prejudice here is not, as Defendants contend, that

4

Plaintiff may have to delay filing a preliminary injunction motion.[4] (Defendants' Brief at 13-14) Rather, the prejudice is that if Plaintiff had to wait until after a motion to dismiss were decided, his intended application for a preliminary injunction would be rendered moot.[5] Among Plaintiff's challenges is that the Proxy Statement is materially misleading or incomplete and solicitation of the shareholder vote based upon the misleading Proxy Statement should be enjoined. It is Plaintiff's understanding that Ness plans the shareholder vote for some time in September. Obviously, the Proxy Statement will need to be finalized and sent out to shareholders in advance of the vote. The absolute soonest that a motion to dismiss would reasonably be decided is September 19, which is likely to be after the Proxy Statement is finalized and mailed to shareholders.

---

[4] The cases cited by Defendants are distinguishable. In *Medical Imaging Centers of America v. Licntenstein*, 917 F. Supp. 717 (S.D. Cal. 1996), in the midst of a corporate control contest, plaintiff sought discovery from the defendants as to whether the defendants owned 20% of the company's stock, which would enable plaintiff to activate a "poison pill". The defendants stated that they believed that they owned over 20% of the shares, but plaintiff said that they no intention of activating the "poison pill" for other business reasons. Thus, the court found no undue prejudice if discovery was denied. *Id.* at 722. In *In re Guidant Corp. Implantable Defibrillators Product Liability Litigation*, 2006 WL 763212 (D. Minn. 2006), plaintiffs in a consumer class action case sought expedited discovery and a preliminary injunction forcing the defendant to escrow a portion of funds from a pending acquisition sufficient to satisfy the claims asserted in the litigation. The court denied the preliminary injunction application because there was no evidence of irreparable harm, *i.e.*, that the defendant would be insolvent and, thus, unable to answer for damages, there was no likelihood of success on plaintiffs' claims that the acquisition was a fraudulent transfer, and the balance of harms favored the defendants. *Id.* at *3-6) *Leone v. King Pharmaceuticals, Inc.*, 2010 WL 4736271 (E.D. Tenn. 2010) is distinguishable in that, unlike in *Leone*, Plaintiff seeks limited, directed discovery and identifies particular information he needs related to specific issues to aid in his presentation of a preliminary injunction motion. *Compare Id.* at *3-4. Further, Plaintiff is seeking to enjoin distribution of a faulty Proxy Statement, not the deal itself. *Compare Id.* at *5.

[5] Defendants were served on July 14. Under Rule 12(a), they would have 21 days to answer, making a responsive pleading due on August 4. However, in order to further delay, Defendants would most likely take advantage of the automatic 14-day extension under L.Civ.R. 6.1(b), making their responsive pleadings due on August 18. Assuming they filed a motion to dismiss on that day, the next regular motion day 24 days after that day, *see* L.Civ.R. 7.1(d)(1), is September 19.

5

Even if the definitive Proxy Statement is mailed to shareholders after September 19, it would be practically impossible for Plaintiff to conduct any reasonable discovery directed toward disclosures in the Proxy Statement and make a preliminary injunction application which could reasonably be briefed and heard before the shareholder vote. In short, Defendants are not using the PSLRA stay to shield themselves from discovery in a meritless case, but as a sword to delay any discovery into the propriety of the disclosures in the Proxy Statement until after the shareholder vote, after it is too late to do anything about it. Money damages will not compensate Plaintiff or the other shareholders for voting on the acquisition based upon inadequate, materially misleading disclosures. Indeed, Plaintiff has demonstrated good cause for expedited discovery because, as explained in Plaintiff's brief in support of the Motion, Plaintiff and other shareholders will suffer significant and irreparable injury absent the preliminary injunction. (*See* Plaintiff's Expedited Discovery Brief at 17-18.)

Defendants argue that Plaintiff is not irreparably harmed if the Proxy Statement is deficient because he can still recover damages or exercise his appraisal rights. (*See* Defendants' Brief at 14). In *Fisher v. Kanas*, 2006 WL 2239038 (E.D.N.Y. 2006), the plaintiffs did not seek to enjoin distribution of a defective proxy statement, but, rather, sought to enjoin payment of allegedly excessive compensation packages. *Id.* at *1. The court found that the payment of the excessive compensation could be remedied by money damages at a later time. *Id.* at *3. The fact that Plaintiff may have appraisal rights is no remedy for violation of Delaware's strong policy that shareholders should have full, complete and accurate information before voting on a takeover bid. (Plaintiff's Expedited Discovery Brief at 17-18). *See also Nichting v. DPL Inc.*, 2011 U.S. Dist. LEXIS 76739, at *17 and n. 17 (applying Delaware law, holding that threat of shareholder vote on inadequate information constitutes irreparable harm, citing *ODS Technologies, L.P. v. Marshall,* 832 A.2d 1254, 1262 (Del. Ch. 2003) ("The threat of an

6

uninformed shareholder vote constitutes irreparable harm") and *In re Pure Resources, Inc. S'holders Litig.*, 808 A.2d 421, 452 (Del. Ch. 2002)("[I]rreparable injury is threatened when a stockholder might make a tender or voting decision on the basis of materially misleading or inadequate information.").

Further, Plaintiff would be unduly prejudiced because he would be the only interested party to the dispute without discovery from the Defendants.  As Defendants themselves note, there is separate Delaware litigation challenging the acquisition which is going forward with expedited discovery and a preliminary injunction application.  (Defendants' Brief at 9).  The discovery the Delaware plaintiffs seek is far broader than what is being sought by Plaintiff here. (*See* Muscato Dec., Ex. C).  If Plaintiff is not allowed core discovery relating to his claims relating to the inadequacy of the Proxy Statement, he is put at an unfair disadvantage vis-à-vis the Delaware plaintiffs, whose case is going forward in any event.  Plaintiff here would have no information to properly formulate a litigation and/or settlement strategy.  In essence, Defendants are attempting pick their own forum and pick the plaintiffs they are to litigate against, without satisfying the criteria for a motion for a stay, a motion to transfer, or a motion to dismiss.

Defendants' contention that Plaintiff's claims are meritless (Defendants' Brief at 3) is no answer.  Every defendant claims that the plaintiff's claims are meritless. If the Court were to rely upon nothing more than the say-so of the defendant as to the merits of plaintiff's claims, Rules 26 through 37 could be removed from the Federal Rules of Civil Procedure.

Further, Plaintiff is not on a "fishing expedition" as Defendants claim.  (Defendants' Brief at 12-13).  Plaintiff knows what his claims are and what information his is looking for. That information, though, is in the hands of the Defendants.  Defendants' contention that this is a "fishing expedition" is nothing more than another variation on their position that the Court should take their word that Plaintiff's claims are meritless.  Defendants' have all the information

7

as to what financial information was considered with respect to the Proposed Transaction, whether or not it is disclosed in the Proxy Statement.  However, as far as Defendants are concerned, Plaintiff isn't entitled to have that discovery until he demonstrate the merits of his claims, but all of the evidence relating to the merits of his claim are in the Defendants hands and the only way to get that information is in discovery.  It is a classic Catch-22 situation, that Defendants are attempting to play to their own advantage.

In particular, Plaintiff seeks information with respect to the free cash flow projections not disclosed in the preliminary Proxy Statement and required by law.  Despite Defendants' uninformed contention otherwise, the Delaware Court of Chancery, and courts across the Country, have held that free cash flow projections are "clearly material." *Maric Capital Master Fund, Ltd. v. Plato Learning, Inc.*, 11 A.3d 1175, 1178 (Del. Ch. 2010) ("the proxy statement selectively disclosed projections relating to PLATO's future performance.  In particular, the proxy statement for some inexplicable reason excised the free cash flow estimates … This is odd. … in my view, management's best estimate of the future cash flow of a corporation that is proposed to be sold in a cash merger is clearly material information."); *see also Nichting*, 2011 U.S. Dist. LEXIS 76739, at *17, n.16 ("The Court notes that upon initial review, it smacks of materiality that a voter be made aware of the Company's cash flow projections in order to make an informed decision.").

Moreover, the free cash flow projection were used by the financial advisor to the Special Committee of the board of directors, which negotiated the acquisition, Jeffries, and the financial advisor to the Company itself, BofA Merrill Lynch, who used the requested free cash flow projection to prepare a discounted cash flow analysis, which is disclosed in the Proxy Statement. (Proxy Statement, p. 41, 45)  The discounted cash flow analysis disclosed in the Proxy Statement is used to create a comparison between the present value of the Company and the offering price

8

in the Proposed Transaction.  (*Id.*)  The discounted cash flow analysis is based upon the Company's free cash flow.  (*Id.*)  Jeffries then applied a discount range of 12% to 13%, while BofA Merrill Lynch applied a discount range of 13.5% to 15.5% to reach their respective discounted cash flow analysis.  (*Id.*)

Defendants argue that free cash flow projections are not *per se* material disclosures. (Defendants' Brief at 20-21). That is not true and that could only be true if the Company's management was not involved in preparing the free cash flow projections, which is not the case here.  In fact, the Proxy Statement states that Ness management prepared the free cash flows used by Jefferies and BofA Merrill Lynch. Proxy Statement at 41 and 45.

In addition, a fair summary of Jefferies and BofA Merrill Lynch's analyses needs to be disclosed to shareholders.  *See Pure Resources*, 808 A.2d at 449.  As stated above in several instances, the Proxy Statement fails to disclose key inputs necessary to reach free cash flows and other assumptions underlying the analyses performed by Jefferies and BofA Merrill Lynch in connection with their fairness opinions, making it impossible for shareholders to draw any conclusions as to the reliability of Jefferies and BofA Merrill Lynch's analyses.

**b)     Plaintiff's Discovery Requests are Particularized**

In order to satisfy the PSLRA requirement that discovery requests must be "particularized", "the party seeking discovery under the exception must adequately specify the target of the requested discovery and the types of information needed to relieve that burden." *In Re Lernout & Hauspie Sec. Litig.,* 214 F.Supp.2d 100, 108 (D. Mass. 2002).  The concept of what constitutes "particularized discovery is a nebulous one", *id.*, and depends on "the nature of the underlying litigation."  *In re Royal Ahold,* 220 F.R.D. 246, 250 (D. Md. 2004). "Particularized discovery" does not mean "identifiable" documents, nor does it necessarily mean a small amount of documents.  *Id.*

9

Here, Plaintiff is not requesting open-ended discovery with respect to every aspect of every claim he has raised in his complaint. In Plaintiff's opening brief, he made a few, narrowly tailored discovery requests, most of which apply only to Ness and its financial advisors, and not to the Individual Defendants. Nevertheless, in an effort to address Defendants' claim that Plaintiff's discovery requests are overly broad and not particularized, Plaintiff hereby narrows his discovery requests even further to the following:

1. Production of minutes from any meetings attended by any member of Ness' Board of Directors at which the Proposed Transaction or any other potential strategic transactions were discussed, including any discussions regarding voting on the Proposed Transaction;

2. Production of all communications or documents subject to search terms related to Proposed Transaction code names concerning the financial advisors retained in connection with the Proposed Transaction. This request includes, but is not limited to, retainer agreements, fairness opinions, bankers' books and any drafts thereof, presentation documents, and documents or information sufficient to identify the assumptions and calculations that formed the bases for the financial advisors' analyses;

3. Production of all communications subject to search terms related to Proposed Transaction code names between Ness, CVCI and their financial advisors related to the Proposed Transaction;

4. Production of all presentation documents prepared by Ness' management or any bankers or financial advisors referenced in Paragraph 2, concerning the Proposed Transaction or any other potential strategic transaction, merger, or acquisition;

5. Deposition of the person most knowledgeable with respect to the Proposed Transaction and any other potential strategic transactions considered by the Board during the past 12 months;

6. Deposition of the person most knowledgeable regarding the Ness' financial projections; and

7. Deposition of the person most knowledgeable from both Jefferies and BofA Merrill Lynch concerning the Proposed Transaction.

Plaintiff's requests for documents are to be further limited by using search terms consisting of the code names used by Defendants to reference the parties involved in the

10

Proposed Transaction. Most of the key documentation requested has likely already been compiled by Defendants in the course of negotiating the Proposed Transaction. Thus, Plaintiff's further narrowed discovery requests – which seek only a limited number of core documents and a few depositions – even more than Plaintiff's original requests, clearly satisfy the requirement that discovery requests be particularized. All of these requests are focused on the apparently misleading financial projections contained in the Proxy Statement identified above.

Further, Defendants cannot claim that these requests are overly burdensome or prejudicial. They are far narrower and more focused than the documents requested by the Delaware Plaintiffs. (*Compare* Moscato Dec., Ex. B) Defendants can hardly complain that they are being required to produce discovery to Plaintiff that they will have to produce to the Delaware Plaintiffs. It is no more burdensome than making another copy of the same disc they are already producing in Delaware. *See In re WorldCom, Inc. Sec. Litig.*, 234 F.Supp.2d 301, 306 (S.D.N.Y. 2002) (discovery not unduly burdensome where documents "are sought from a non-party and have already been compiled.") *In re FirstEnergy Corp. Sec. Litig.,* 229 F.R.D. 541, 545 (N.D. Ohio 2004)("FirstEnergy cannot, and indeed does not, allege any burden from providing documents that it has already reviewed and compiled").

**c)**      **Plaintiff Is Entitled To Expedited Discovery**

Defendants also contend that, even if Plaintiff might be entitled to discovery, he is not entitled to expedited discovery. (Defendants' Brief at 15-17). Plaintiff previously addressed the standard for expedited discovery in his original July 11 letter, and incorporates those arguments here by reference. Further, the need for expedited discovery is also discussed in Section a) above, that Plaintiff will be unduly prejudiced if he is not granted discovery sufficiently in advance of the Proxy Statement being distributed to shareholders to stop it. The only purpose for going forward with discovery at a normal pace is to have the course of the Proposed Transaction decided by

delay, rather than on its merits.  If discovery is to go forward, Defendants want it to go forward at a normal pace with the expectation that the Proposed Transaction will be approved by the shareholders and close before Plaintiff has sufficient discovery to bring a preliminary injunction application before the Court.

## CONCLUSION

For the foregoing reasons, Plaintiff's application for expedited discovery and for a schedule for filing a preliminary injunction application should be granted.

> CARELLA, BYRNE, CECCHI,
> OLSTEIN, BRODY & AGNELLO, P.C.
> Attorneys for Plaintiff
>
>
> By:＿＿＿/s/ James E. Cecchi＿＿＿＿＿＿＿＿＿
> 　　　　JAMES E. CECCHI

Dated: July 21, 2011

Nadeem Faruqi
Shane Rowley
Juan E. Monteverde
Francis McConville
FARUQI & FARUQI, LLP
369 Lexington Avenue,10th Floor
New York, New York 10017
(212) 983-9330

Scott A. Bursor
BURSOR & FISHER, P.A.
369 Lexington Avenue, 10th Floor
New York, New York 10017
(212) 989-9113

12