## SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE
NEW YORK 10036-6522
———
TEL: (212) 735-3000
FAX: (212) 735-2000
http://www.skadden.com

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEWARK
PALO ALTO
RESTON
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO

DIRECT DIAL
212-735-2217
DIRECT FAX
917-777-2217
EMAIL ADDRESS
ANDREW.MUSCATO@SKADDEN.COM

August 3, 2011

**By ECF**
Honorable Michael A. Shipp, U.S.M.J.
United States District Court
Martin Luther King, Jr. Federal Building
& U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

Re: Botton v. Ness Technologies, Inc., et al.: 2:11-cv-03950(SRC)(MAS)

Dear Magistrate Judge Shipp:

As promised during the Court's hearing on the pending motion for expedited proceedings, I write on behalf of the Ness Defendants to advise Your Honor with respect to today's development in the related Delaware Court of Chancery action, *In re Ness Technologies, Inc. Shareholders Litigation*: C.A. No. 6529-VCN.

This afternoon Vice Chancellor Noble issued his decision on the Delaware plaintiffs' motion for expedited proceedings. A copy of that decision is enclosed. Vice Chancellor Noble found that, with one exception, all of the Delaware plaintiffs' price, process and disclosure claims are not colorable claims and accordingly, denied the motion as to those claims with a limited exception.

The motion was "granted only to [the] extent that [plaintiffs] may take expedited, but necessarily limited and focused, discovery regarding the question of whether either the Board's or the Special Committee's financial advisors were conflicted because of their relationships with CVCI [Citi Venture Capital International]," and denied in all other respects. (at 13)

Hon. Michael A. Shipp, U.S.M.J.
August 3, 2011
Page 2

      Importantly, the only claim in the Delaware litigation that Vice Chancellor Noble found colorable – relating to the alleged failure to disclose relationships between financial advisors and CVCI – was not alleged by the Plaintiff here.  By contrast, Vice Chancellor Noble found that the Delaware plaintiffs' disclosure claims seeking additional detail regarding management projections, the financial advisors' analyses, and the sale process leading to the proposed transaction (which track the claims of the Plaintiff here) were "not colorable."  (at 11-13)

      Respectfully yours,

      Andrew Muscato

cc:    James E. Cecchi, Esq. (by ECF)
        Jeffrey J. Greenbaum, Esq.  (by ECF)

Attachment