UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
MICHAEL A. SHIPP
UNITED STATES MAGISTRATE JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.   ROOM 2042
NEWARK, NJ 07102
973-645-3827

Not for Publication

LETTER OPINION & ORDER

August 4, 2011

**VIA CM/ECF**
All Counsel of Record

Re:   Botton v. Ness Technologies Inc., et al.
      Civil Action No. 11-3950 (SRC) (MAS)

Dear Counsel:

This matter comes before the Court by way of Plaintiff Botton's ("Plaintiff" or "Botton") request to conduct expedited discovery in support of the filing of an anticipated preliminary injunction motion to enjoin a proposed merger. (Docket Entry Number ("Doc. No.") 5-2 ("Pl.'s Moving Br.") 1.) Ness Technologies Inc. ("Ness") and Citi Venture Capital International ("CVCI") (collectively, "Defendants") oppose Plaintiff's request due to the automatic stay of discovery imposed by the Private Securities Litigation Reform Act ("PSLRA") (Doc. No. 9 ("Defs.' Opp'n Br.") 1.) For the reasons set forth below, Plaintiff's request is denied without prejudice.

I.      **BACKGROUND**

As the parties are well versed in the facts underlying this matter, the Court will address only those facts relevant to the request currently pending before the Court. This case involves an announcement made by CVCI that it had entered into a definitive merger agreement ("Merger Agreement") to purchase all outstanding shares of Ness in a transaction valued at approximately

$300 million ("Proposed Transaction"). (Doc. No. 1 ("Compl.") ¶¶ 1-2.) Under the terms of the Merger Agreement, Ness shareholders would "receive $7.75 per share in cash for each share of common stock" owned. (*Id.* at ¶ 2.) The Board of Directors of Ness ("Board") support the Merger Agreement. (*See id.* at ¶ 4.) Accordingly, on June 30, 2011, Ness filed a Preliminary Proxy Statement with the Security and Exchange Commission ("SEC") recommending shareholders to vote for the Proposed Transaction. (*Id.* at ¶¶ 7, 64.) A Final Proxy has been approved by the SEC and the vote is scheduled for August 30, 2011. (Tr. of 7/27/11 Oral Argument ("Oral Arg.") 3:45-4:10.)

Plaintiff has brought individual claims pursuant to sections 14(a) and 20(a) of the Securities and Exchange Act of 1934 ("Exchange Act"), as well as class claims for breach of fiduciary duties owed by the Board to Ness shareholders and aiding and abetting the individual Defendants' breach of fiduciary duty. (Compl. ¶¶ 72-100.) Plaintiff claims that "[t]he Proposed Transaction is unfair and undervalued." (*Id.* at ¶ 4.) Additionally, Plaintiff claims that the Preliminary Proxy Statement has material omissions and misrepresentations that deny shareholders the opportunity to make an informed decision as to the Proposed Transaction. (*Id.* at ¶¶ 64-65.) As a result, Plaintiff has requested expedited discovery in anticipation of filing a preliminary injunction motion to enjoin Ness from holding the shareholder vote. (Pl.'s Moving Br. 1.) Defendants oppose the application arguing that the PSLRA stays all discovery until the Motion to Dismiss is decided. (Defs.' Opp'n Br. 9.)

## II. LEGAL STANDARD & ANALYSIS

The PSLRA places an automatic stay on all discovery "during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." 15 U.S.C. § 78u-4(b)(3)(B) (2010). Notably, the PSLRA purposely applies a heightened standard. *See Leone v.*

*King Pharms., Inc.*, No. 10-230, 2010 U.S. Dist. LEXIS 121553, at *8 (E.D. Tenn. Nov. 16, 2010) (quoting *Miller v. Champion Enters., Inc.*, 346 F.3d 660, 691-92 (6th Cir. 2003) ("[T]he stay of discovery procedures adopted in conjunction with the heightened pleading standards under the PSLRA is a reflection of the objective of Congress 'to provide a filter at the earliest stage (the pleading stage) to screen out lawsuits that have no factual basis.'"). Thus, to find undue prejudice so as to warrant discovery, the Court should find "improper or unfair treatment amounting to something less than irreparable harm." *Nichting v. DPL Inc.*, No. 11-141, 2011 U.S. Dist. LEXIS 76739, at *12 (S.D. Ohio July 15, 2011) (citations omitted). Furthermore, Plaintiff bears the burden of showing undue prejudice. *Id.* at *13 (citing *In re Fannie Mae Secs. Litig.*, 362 F. Supp. 2d 37, 38 (D.D.C. 2005)). "[D]elay in and of itself is not sufficient to establish undue prejudice, as delay is simply a part of the process in a PSLRA case." *Fisher v. Kanas*, No. 06-1187, 2006 U.S. Dist. LEXIS 54563, at *8 (E.D.N.Y. Aug. 4, 2006) (citing *In re Initial Pub. Offering Secs. Litig.*, 236 F. Supp. 2d 286, 287 (S.D.N.Y. 2002)).

However, if leaving the stay in place would preclude the plaintiff from remedies available at law, it may be lifted. *See id.* at *8 (citing *Global Intellicom, Inc. v. Thomson Kernaghan & Co.*, No. 99-342, 1999 U.S. Dist. LEXIS 5439, at *1 (S.D.N.Y. Apr. 16, 1999)). Here, it is important to note that money damages in merger transactions may be considered adequate or "completely sufficient" remedies at law. *See Leone*, 2010 U.S. Dist. LEXIS 121553, at *17 (quoting *Giammargo v. Snapple Beverage Corp.*, No. 13845, 1994 Del. Ch. LEXIS 199, at *9 (Del. Ch. Nov. 15, 1994)).

When a court is determining whether to lift a stay, it considers the scope of discovery that the requesting party seeks. *See In re Spectranetics Corp. Secs. Litig.*, No. 08-2048, 2009 U.S. Dist. LEXIS 100748, at *6 (D. Colo. Oct. 14, 2009). Importantly, any such discovery must be narrow and particularized. *Id.* Courts differ considerably in their interpretations of "particularized discovery" under the PSLRA. *Id.* at *8. Whether a request is sufficiently particularized will depend

on "the nature of the underlying litigation." *In re Royal Ahold N.V. Secs. & ERISA Litig.*, 220 F.R.D. 246, 250 (D. Md. 2004). Additionally, the requesting party "must adequately specify the target of the requested discovery and the types of information needed." *In re Lernout & Hauspie Secs. Litig.*, 214 F. Supp. 2d 100, 108 (D. Mass. 2002). Furthermore, discovery requests that use "search terms" may not be sufficiently particularized in PSLRA actions. *Nichting*, 2011 U.S. Dist. LEXIS 76739, at *12 (allowing particularized discovery but excluding e-discovery using search terms as being "exceedingly burdensome").

In the instant matter, Plaintiff seeks the following discovery:

1. Production of minutes from any meetings attended by any members of Ness' [sic] Board of Directors at which the Proposed Transaction or any other potential strategic transactions were discussed, including any discussions regarding voting on the Proposed Transaction;

2. Production of all communications or documents subject to search terms related to Proposed Transaction code names concerning the financial advisors retained in connection with the Proposed Transaction. This request includes, but is not limited to, retainer agreements, fairness opinions, bankers' books and any drafts thereof, presentation documents, and documents or information sufficient to identify the assumptions and calculations that formed the bases for the financial advisors' analyses;

3. Production of all communications subject to search terms related to Proposed Transaction code names between Ness, CVCI and their financial advisors related to the Proposed Transaction;

4. Production of all presentation documents prepared by Ness' [sic] management or any bankers or financial advisors referenced in Paragraph 2, concerning the Proposed Transaction or any other potential strategic transaction, merger or acquisition;

5. Deposition of the person most knowledgeable with respect to the Proposed Transaction and any other potential strategic transactions considered by the Board during the past 12 months;

6. Deposition of the person most knowledgeable regarding the [sic] Ness' [sic] financial projections; and

7. Deposition of the person most knowledgeable from both Jefferies and BofA Merrill Lynch concerning the Proposed Transaction.

(Doc. No. 10 ("Pl.'s Reply Br.") 10.)

Plaintiff claims that he will suffer irreparable harm if the stay is not lifted because the shareholders will be forced to vote on the Proposed Transaction without adequate information. (*Id.* at 4-7.) Plaintiff also asserts that without expedited discovery, he will be unable to support a motion for a preliminary injunction prior to the vote on the Merger Agreement. (*See id.* at 4-6.) According to Botton, receipt of appraisal rights or money damages will not adequately remedy shareholders who cast votes without complete and accurate information. (Pl.'s Moving. Br. 17-18.) Plaintiff takes the position that a denial of his application will unduly prejudice him, since he will be denied a remedy after the vote occurs. (Oral Arg. at 12:30-13:30.)

In contrast, Defendants claim that Plaintiff will not be foreclosed from a legal remedy if the requested discovery is not compelled. (Defs.' Opp'n Br. 14.) As such, Defendants assert that Botton will not be unduly burdened or prejudiced should the Court deny his application. (*Id.*) Specifically, Defendants contend that under Delaware law and the Merger Agreement, dissenting shareholders would be entitled to appraisal rights after the close of the merger. (*Id.*) Additionally, Defendants note that some courts have held that the Exchange Act provides a post-closing remedy for shareholders who were influenced to forego their appraisal rights by a deficient proxy statement. (*Id.*) As such, Defendants assert that the existence of such remedies at law requires denial of Botton's request for discovery while the motion to dismiss remains pending. (*Id.* at 14-15.) Finally, Defendants argue that Plaintiff did not establish that a stay of discovery would be unduly prejudicial to his ability to bring a motion for preliminary injunction. (*Id.* at 13.)

The Court has carefully considered the arguments of counsel and finds that Plaintiff has not demonstrated the requisite level of undue prejudice that would warrant lifting the PSLRA stay of discovery. "Plaintiff brings the Exchange Act claims on behalf of himself individually" (Compl. ¶ 33), and has failed to persuade the Court that the equities weigh in favor of lifting the stay under the

present facts.[1] Indeed, legal remedies exist for Plaintiff if the Proposed Transaction is finalized by the shareholders.

Finally, the Court agrees with Defendants that Plaintiff's discovery requests are overbroad and unnecessary for filing a preliminary injunction motion. (*See* Defs.' Opp'n Br. 23-24.) While Plaintiff narrowed his requests from eleven (11) to seven (7) between his initial letter and reply brief (*See* Doc. No. 3 ("Pl.'s Letter") 3-4; Pl.'s Reply Br. 10), a cursory review of the "narrowed" discovery requests reveals that the requests are not particularized, as is otherwise required. For example, request number one seeks minutes from "any meetings" attended by "any member" of the Board at which the Proposed Transaction or "any other potential strategic transactions" were discussed. (Pl.'s Reply Br. 10.) This is certainly not a narrow or particularized request. The Court has similar concerns regarding the potential scope of e-discovery contemplated by the "narrowed" discovery requests. As such, the Court finds that Plaintiff failed to demonstrate that his requests for expedited discovery are sufficiently particularized as required by the PSLRA or that he will otherwise suffer undue prejudice if the discovery is denied.

### III.   CONCLUSION

Based on the foregoing, and for other good cause shown, it is ORDERED that Plaintiff's application for expedited discovery is DENIED without prejudice.

s/ Michael A. Shipp<br>
**HONORABLE MICHAEL A. SHIPP**<br>
**UNITED STATES MAGISTRATE JUDGE**

---

[1] As this action was brought alleging violations of the Exchange Act, the stay of discovery will apply to all claims in this action. *See In re Countrywide Fin. Corp. Derivative Litig.*, 542 F. Supp. 2d 1160, 1179-80 (C.D. CA 2008).